UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **CHARLES RAY WILLIAMS, JR.**<br><br>**Plaintiff,**<br><br>vs.<br><br>**S2VERIFY, LLC**<br><br>**Defendant.** | Civil Action No. |

## COMPLAINT

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant S2Verify, LLC (hereafter "S2Verify"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

2. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

3. Defendant S2Verify is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

4. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as S2Verify. This action involves Defendant S2Verify's systematic violation of several of those important rules.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff, Charles Ray Williams, Jr., is an adult individual who resides in the State of Texas.

8. Defendant S2Verify, LLC ("S2Verify") is a consumer reporting agency that regularly conducts business in the Eastern District of Texas and which has a principal place of business located at 3600 Mansell Road, Suite 250, Alpharetta, GA 30022.

## FACTUAL ALLEGATIONS

9. In or around August 2020, Plaintiff was suspended from his place of employment, Scallon Controls, Inc. ("Scallon") due to inaccurate information reporting on his background check report.

10. Scallon requested a consumer report from S2Verify, and S2Verify sold to Scallon a consumer report concerning the Plaintiff on or around August 11, 2020.

11. The report furnished by S2Verify was for employment purposes.

12. The consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to sustain employment generally, and specifically with Scallon.

13. The inaccurate information includes, but is not limited to, a felony for an attempt and conspiracy to commit mail and wire fraud that does not belong to Plaintiff. S2Verify falsely reported this criminal history about Plaintiff (herein after the "inaccurate information").

14. The inaccurate information grossly disparages the Plaintiff and portrays him as a convicted felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make.

15. The inaccurate information consists of inaccurate statements and personal information that does not belong to the Plaintiff, and that actually belong to another consumer.

Due to Defendant's faulty procedures, Defendant mixed the consumer report of Plaintiff with that of at least one other consumer with respect to the inaccurate information.

16. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.  Had Defendant used reasonable procedures it would not have reported the inaccurate information.  Any rudimentary check of the public record information would have revealed, at a minimum, that the DOB and SS# on the records do not match Plaintiff's.

17. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information through the issuance of false and inaccurate consumer reports relating to Plaintiff and Plaintiff's criminal history to third parties since at least August 2020.

18. As a result of the inaccurate report, Plaintiff was subsequently suspended from employment at Scallon and Plaintiff was informed by Scallon that the basis for this suspension was the inaccurate criminal information that appears on Plaintiff's S2Verify consumer report and that the inaccurate information was not only a substantial factor for the suspension, but the only factor.

19. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I - PLAINTIFF v. S2VERIFY
## VIOLATIONS OF THE FCRA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

24. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   /s/ Joseph L. Gentilcore
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street
Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
Facsimile: (215) 940-8000
jgentilcore@consumerlawfirm.com

***Attorneys for Plaintiff***

Dated: December 22, 2020